# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:20-CR-00085-JDK-** |
| **v.** § | **JDL** |
| § | |
| § | |
| **STEVIE RENO HOOKER JR.** § | |
| § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 17, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Stevie Reno Hooker Jr. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of II, was 41 to 51 months. On June 29, 2021, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 51 months imprisonment with 3 years of supervised release to follow, subject to the standard conditions of release, plus special conditions to include financial disclosure for the purpose of monitoring employment; to not possess or consume any alcoholic beverages; to participate in substance abuse testing and treatment; to participate in mental health treatment; and a $100.00 special assessment. On September 18, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to not commit another federal, state, or local crime. In its petition, the government alleges that Defendant violated his conditions of supervised release on February 1, 2025, when Defendant committed the offense of Driving While Intoxicated, a class B state level misdemeanor offense.

If the court finds by preponderance of the evidence that Defendant violated conditions of supervision by committing the offense of Driving While Intoxicated, a class B state level misdemeanor offense, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the Grade C violation of the conditions of supervision referenced above.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that Defendant be sentenced to 10 months imprisonment with no supervised release to follow. The court **FURTHER RECOMMENDS** that Defendant serve his sentence at FCI Texarkana, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of April, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE